UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA  )
           )
   v.       )  CRIMINAL NO. 05-250
           )
BLANCHI DUGATKIN, a/k/a/  )
JADE NEWHART, a/k/a/   )
BLANCHI BETTINA COMITO, and )
WILLIAM DUGATKIN, a/k/a  )
BILL BAULDING     )
           )
_____)

**FILED**

NOV 2 2 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America and the defendants, BLANCHI DUGATKIN and WILLIAM DUGATKIN, agree as follows:

1. The defendants are entering this Agreement and are pleading guilty freely and voluntarily without promise or benefit of any kind, other than contained herein, and without threats, force, intimidation, or coercion of any kind.

2. The defendants knowingly, voluntarily, and truthfully admit the facts contained in the attached Factual Basis for Plea.

3. The defendants agree to plead guilty to Count One of the previously filed misdemeanor Information, which charges them with fraudulent misrepresentation of campaign authority in violation of 2 U.S.C. § 441h(b). The defendants admit that they are guilty of the crime charged in the Information and understand that they will be adjudicated guilty of that offense.

4.    The defendants understand the nature of the offense to which they are pleading guilty, and

the elements thereof, including the penalties provided by law. The maximum penalties for the

offense are as follows: one year of imprisonment, a $100,000 fine, and a mandatory special

assessment of $25. The defendants understand that the Court may impose a term of supervised

release to follow any incarceration, in accordance with 18 U.S.C. § 3583, and that, in this case,

the authorized term of supervised release is not more than one year. The defendants also

understand that the Court may impose restitution, costs of incarceration, and costs of supervision.

5.    The defendants understand that by pleading guilty, they are waiving the following

constitutional rights: (a) to plead not guilty; (b) to be tried by a jury; (c) to be assisted at trial by

an attorney, who would be appointed if necessary; (d) to confront and cross-examine witnesses

against them; (e) to summon witnesses to testify for the defense; and (f) to be free from

compelled self-incrimination.

6.    If the Court accepts the defendants' pleas of guilty and the defendants fulfill each of the

terms and conditions of this Agreement, the United States agrees that it will not further prosecute

the defendants for the conduct set forth in the attached Factual Basis for Plea.

7.    The defendants understand and acknowledge that the offense to which the defendants

shall plead guilty is subject to the provisions and guidelines of the Sentencing Reform Act of

1984, 28 U.S.C. § 994(a).

8.    The defendants understand that the Court is required to consider the United States

Sentencing Guidelines (U.S.S.G. or Sentencing Guidelines) among other factors in determining

the defendants' sentences. The defendants understand, however, that the Sentencing Guidelines

are only advisory, and that after considering the Sentencing Guidelines the Court may be free to

2

exercise its discretion to impose any reasonable sentence within or up to the maximum set by statute for the offense of conviction.

9.      The United States cannot and does not make any promise or representation as to what sentences the defendants will receive or what fines or restitution, if any, the defendants may be ordered to pay.  The defendants understand that the sentences and the sentencing guidelines applicable to this case will be determined solely by the Court, with the assistance of the United States Probation Office.

10.     The United States and the defendants agree to recommend the following calculations of the defendants' offense levels under the Sentencing Guidelines:

        (a)     Defendant BLANCHI DUGATKIN:  base offense level of 6 under U.S.S.G. §2B1.1 (Fraud); enhancement for misrepresentation relating to political organization to offense level of 10 under U.S.S.G. §2B1.1(b)(8); criminal history category II.

        (b)     Defendant WILLIAM DUGATKIN:  base offense level of 6 under U.S.S.G. §2B1.1 (Fraud); enhancement for misrepresentation relating to political organization to offense level of 10 under U.S.S.G. §2B1.1(b)(8); criminal history category I.

11.     Should the defendants comply fully with their obligations under this Agreement, and clearly demonstrate acceptance of responsibility for the instant offense, the United States agrees to recommend that the defendants receive a two-level reduction for acceptance of responsibility under U.S.S.G. §3E1.1.  The parties agree to recommend that no other upward or downward adjustments or departures under the Sentencing Guidelines are warranted.

3

12.     The defendants understand that these sentencing recommendations are not binding on the Court or the Probation Office, and that they will not be entitled to withdraw their guilty pleas if the Court rejects these recommendations.

13.     The United States agrees that it will remain silent at sentencing on the issue of additional incarceration for either defendant.

14.     The United States reserves the right to allocute in all respects as to the nature and seriousness of the offense. The attorneys for the United States will inform the Court and the Probation Office of: (a) this Agreement; (b) the nature and extent of the defendants' activities with respect to this case; and (c) all other information in its possession relevant to sentencing.

15.     Each defendant agrees to deliver to the Clerk's Office, United States District Court, prior to or at the time of sentencing, a certified check in the amount of $25.00 to cover the special assessment, as required by 18 U.S.C. § 3013.

16.     The defendants also agree to provide a full and complete accounting of all assets, real or tangible, held by the defendants or for the defendants' benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

17.     If either of the defendants fails to comply with any of the terms and conditions set forth in this Agreement, that defendant will have committed a material breach of the Agreement which will release the Government from its promises and commitments made in this Agreement, and, in such an event, the Government may fully prosecute that defendant on all criminal charges that can be brought against the defendant. With respect to such a prosecution:

        (a)     The defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal

4

Procedure, or any other federal rule, that the defendant's statements pursuant to this Agreement, or any leads derived therefrom, should be suppressed or are inadmissible;

(b)     The defendant waives any right to claim that evidence presented in such prosecution is tainted by virtue of the statements the defendant has made; and

(c)     The defendant waives any and all defenses based on the statute of limitations with respect to any such prosecution that is not time-barred on the date that this Agreement is signed by the parties.

18.     In the event of a dispute as to whether the defendants have knowingly committed any material breach of this Agreement, and if the United States chooses to exercise its rights under the preceding paragraph, and if a defendant so requests, the matter shall be submitted to the Court and shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documents shall be admissible and at which time the United States shall have the burden to establish the defendant's breach by a preponderance of the evidence.

19.     Each defendant agrees that if the Court does not accept both defendants' pleas of guilty, this Agreement shall be null and void, and the United States will be free to prosecute either or both defendants for any offenses.

20.     The defendants understand that this Agreement is binding only upon the Public Integrity Section of the United States Department of Justice.  This Agreement does not bind any United States Attorney's Office, nor does it bind any state or local prosecutor.  It also does not bar or compromise any civil or administrative claim pending or that may be made against the defendant. If requested, however, the Public Integrity Section will bring this Agreement to the attention of any prosecuting jurisdiction or government agency and ask that jurisdiction to abide by this

Agreement. The defendants understand that other prosecuting jurisdictions retain discretion over whether to abide by the provisions of this Agreement.

21.    The defendants further understand that nothing in this Agreement waives or limits in any way the authority of the Federal Election Commission to seek civil penalties or other administrative remedies for violations of the Federal Election Campaign Act pursuant to 2 U.S.C. § 437g(a).

22.    This Agreement and the attached Factual Basis for Plea constitute the entire agreement between the United States and the defendants. No other promises, agreements, or representations exist or have been made to the defendants or the defendants' attorneys by the Public Integrity

Section of the Department of Justice in connection with this case. This Agreement may be amended only by a writing signed by all parties.

FOR THE DEFENDANT:

BLANCHI DUGATKIN
Defendant

Date: Nov-16-2005

JOANNE R. HEPWORTH
601 Pennsylvania Avenue, NW
Suite 900, South Building
Washington, DC 20004
(202) 789-0037
Counsel for Defendant
  Blanchi Dugatkin

Date: 10-16-2005

WILLIAM DUGATKIN
Defendant

Date: 11-22-05

EDWARD C. SUSSMAN
601 Pennsylvania Avenue, NW
Suite 900, South Building
Washington, DC 20004
(202) 365-5723
Counsel for Defendant
  William Dugatkin

Date: 11-22-0-5

FOR THE UNITED STATES:

NOEL L. HILLMAN
Chief
Public Integrity Section

By:    JOHN P. PEARSON

Date: 11/22/05

NANCY L. SIMMONS
Trial Attorneys
Public Integrity Section
United States Department of Justice
1400 New York Avenue, NW
Washington, DC 20005
(202) 514-1412

Date: 11/22/05

7