UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA       :

v.                             :       CR. NO.  05-250-02 (JDB)

WILLIAM DUGATKIN               :

DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

The defendant, having entered a plea of guilty to a misdemeanor count in connection with the fraudulent representation of authority in connection with a federal election campaign, a violation of 2 U.S.C. §441(b)(1) and §437g(d), will appear before this honorable court for sentencing on February 8, 2006.  The parties have reviewed the presentence report and find it accurate in all material aspects.  Counsel respectfully requests that the court consider the following memorandum in deciding the appropriate sentence.

1. As the court is aware, Mr. Dugatkin and his wife admitted that they organized a fund raising event for then presidential candidate Senator Richard Gephardt.  While the plans never past the preliminary stage, and no party suffered financial loss, the defendant admitted that he misrepresented his authority to act on behalf of the Gephardt campaign. It is important for the court to note that it was never the intention of the defendant to directly solicit or receive campaign donations, and there was no intent to use the fund raising event for personal financial gain.  Mr. Dugatkin's intent was to support and aid his wife in her support of the Gephardt

1

candidacy.[1]

2. While the defendant principally relied on his wife in connection with the representations that he personally made, his guilty plea represents a recognition on his part that his reliance was unreasonable and that he went too far in representing his true authority. While the government has agreed not to request incarceration for the defendant (he did spend seven weeks without being allowed to leave a Las Vegas halfway house), Mr. Dugatkin, at the age of 57, will have to bear the stigma of a criminal conviction.

3. Given that the defendant has never had any contact with the criminal justice system and that he scrupulously complied with all release conditions during the past six months, he obviously is a clear candidate for probation. Moreover, counsel would ask that there is nothing to indicate that Mr. Dugatkin needs the support and counseling of the probation office, and that there is no need for rigorous supervision. For that reason, it is requested that the court consider not imposing the reporting conditions that are considered to be discretionary under 18 U.S.C. §3563(b). The imposition of the discretionary conditions will do nothing to help Mr. Dugatkin or further the interests of the community. It should be noted that in settling an administrative action brought by the Federal Election Commission, the defendant has promised to refrain from conduct that violates their specific rules and regulations.

4. As the presentence report indicates, Mr. Dugatkin has a 30 year career in broadcasting. While it is unclear whether he will return to that business, his clear plan -and need- is to obtain

---

[1] Apparently, Ms. Dugatkin was drawn to Sen. Gephardt based on his support for legislation regarding the rights or organ donors to have their wishes carried out.

employment and live in Florida. Candidly, counsel and the defendant have spent a great deal of time discussing how this situation came about and how any recurrence can be avoided. Mr. Dugatkin's reliance on the representations of his wife have clearly cost him. Not only has he obtained this criminal conviction, but he lost a substantial amount of money as "earnest money" for the purchase of a home. Despite certain facts that have been revealed by this case, he remains devoted to her. Nevertheless, he understands that there are particular issues that must be confronted in their marriage. Counsel believes that he has obtained an insight that will help insure that nothing like this happens again.

    5. Clearly, the advisory guidelines permit a probationary sentence. Given the entirety of the equation, counsel believes that - for the reasons stated- a relatively short period of probation is appropriate in this matter.

    6. Counsel and the defendant thank the court in advance for its consideration in this matter.

                                               Respectfully submitted,

                                               _____
                                               Edward C. Sussman No. 174623
                                               Suite 900 - South Building
                                               601 Pennsylvania Avenue N.W.
                                               Washington, D.C. 20004
                                               (202) 737-7110

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on this 1st day of February, 2006, a copy of the foregoing was served electronically on John Pearson, Esq., Nancy Simmon, Esq. and all interested parties.

                                                               _____
                                                               Edward C. Sussman