UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
OCT 24 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES OF AMERICA,

v.

BLANCHI DUGATKIN a/k/a
Jade Newhart a/k/a
Blanchi Bettina Comito
and
WILLIAM DUGATKIN a/k/a
Bill Baulding,

Defendants.

Criminal No.  05-250 (JDB)

## ORDER

Blanchi and William Dugatkin pled guilty on November 22, 2005, to Count One of a misdemeanor information charging them with fraudulent misrepresentation of campaign authority in violation of 2 U.S.C. §§ 441h(b)(1) and 437g(d).  Ms. Dugatkin was sentenced to two years of probation, and Mr. Dugatkin was sentence to one year of probation.  Both defendants have now submitted letters to the Court styled as petitions to expunge the record of adjudication in the above-captioned action.  Ms. Dugatkin also seeks early termination of probation.

The power to order expungement is a part of the inherent equitable power of the federal courts to fashion appropriate remedies to protect important legal rights.  Livingston v. United States Dep't of Justice, 759 F.2d 74, 78 (D.C. Cir. 1985); Doe v. Webster, 606 F.2d 1226, 1230 n.8 (D.C. Cir. 1979); United States v. Davis, Cr. No. 72-342, 2006 WL 1409761, at *2 (D.D.C. May 23, 2006).  However, relief is only available "when that remedy is necessary and appropriate in order to preserve basic legal rights." Livingston, 759 F.2d at 78.  The general rule is that

expungement is appropriate when "serious governmental misbehavior" leads to the conviction, or "unusually substantial harm to the defendant not in any way attributable to him" outweighs the government interest in the criminal records. See Doe, 606 F.2d at 1231 (internal quotation marks and citation omitted); Davis, 2006 WL 1409761, at *2.

Defendants have failed to meet this stringent standard. Both contend that expungement is warranted because they have successfully participated in probation and deserve a fresh start. They argue that their culpability in the offense is minimal because the offense arose from a "mistake" by them that was "procedural" in nature. They further note that their future employment opportunities will be damaged by having a criminal record.[1] Ms. Dugatkin further contends that the equities favor expungement in her particular case because she was unfairly detained in jail during the early stages of prosecution due to reliance by both government and her own counsel on faulty information. None of these contentions indicate serious governmental misbehavior or unusually substantial harm to the defendants not in any way attributable to them.

Indeed, defendants pled guilty to the very offense they seek to expunge, and do not attack the validity of the pleas. Where there has been a valid conviction, and no governmental misconduct, expungement is clearly unwarranted. See Doe, 606 F.2d 1231 ("Even individuals who were never convicted are not entitled to the expungement of their arrest records as a matter of course, and absent specific statutory authority it would be wholly inappropriate to order such an expungement in a case . . . where there has been not only a valid arrest but a valid conviction."). Moreover, difficulty in finding employment is a typical collateral consequence of conviction,

---

[1] Mr. Dugatkin is currently employed, but indicates he has lost other employment opportunities.

-2-

rather than an "unusually substantial harm." See Davis, 2006 WL 1409761, at *2 ("The mere existence of [collateral] consequences, even when take in combination with exemplary rehabilitation, does not rise to the level of the extreme or exceptional circumstances necessary to justify the expungement of records of a valid criminal conviction absent a showing of some rights violation.").

As for Ms. Dugatkin's request for early termination of probation, the Court observes that jurisdiction over her probation was transferred to the United States District Court for the Southern District of Florida effective July 14, 2006. Therefore, her request for early termination will be denied without prejudice for lack of jurisdiction.

For the foregoing reasons, it is hereby

**ORDERED** that defendants' petitions for expungement of the criminal adjudication are **DENIED**; and it is further

**ORDERED** that the request of Blanchi Dugatkin for early termination of probation is **DENIED WITHOUT PREJUDICE.**

**SO ORDERED.**

JOHN D. BATES
United States District Judge

Dated: 10/24/07